PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN PETER MAYER,

                    Plaintiff,

          -v-                                                    17-CV-00711W
                                                                 ORDER
BUFFALO FEDERAL DETENTION FACILITY,
ICE, DETENTION OFFICER SWISHER,
LIEUTENANT SPIOTLA, AGS INC., AND
IMMIGRATION OFFICES BUFFALO,

                    Defendants.
_____

Martin Peter Mayer ("Plaintiff"), a detainee being held at the Buffalo Federal Detention Facility, has filed a *pro se* Complaint seeking relief purportedly under 42 U.S.C. § 1983 ("Section 1983") based on alleged violations of his civil rights by federal detention center officials.  Docket No. 1.  Plaintiff has also filed a motion for leave to proceed as a poor poerson.  Docket No. 2.

The Court finds that Plaintiff has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a). Therefore, his request is granted.  The Court has also screened Plaintiff's claims for sufficiency under the 28 U.S.C. § 1915(e) criteria, as discussed below, and finds that the Complaint is subject to dismissal unless Plaintiff files an amended complaint in accordance with the instructions in this Order.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Section 1915(e) provides

that the Court shall dismiss a complaint in a civil action, at any time, if the Court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (*per curiam*); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) ("even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*,

987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

### A.    Plaintiff's Claims

Although Plaintiff brings this action under Section 1983, Defendants are federal agencies or officials and are therefore not deemed to be acting under color of state law. *See* 42 U.S.C. § 1983 (1993).  However, in view of Plaintiff's *pro se* status, the Court will liberally construe his § 1983 Complaint as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971).   *See Tavarez v. Reno*, 54 F.3d 109-10 (2d Cir. 1995) (*per curiam*) ("Although Tavarez brought the action under § 1983, the district court properly construed the complaint as an action under Bivens . . . , which requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right. The district court noted that federal courts typically analogize claims under § 1983 with *Bivens* actions.") (citation omitted). In order to state a valid claim under *Bivens*, Plaintiff must allege "that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006).

Plaintiff has filed suit against the Buffalo Federal Detention Facility ("BFDF"); Detention Officer Swisher ("Swisher"); Lieutenant Spiotla ("Spiotla"); AGS, Inc. ("AGS"); United States Immigration and Customs Enforcement ("ICE"); and the Buffalo Immigration Offices ("BIO") for alleged violations of his civil rights.  Plaintiff alleges that, on February 16 and 17, 2017 (1) Swisher created a slippery condition that caused him to fall; (2) an AGS officer "slammed/released [a] self closing [metal] door into" his

shoulder, causing "a serious shoulder injury"; (3) AGS officers forced him to walk through a hospital with "full restraints and a belly chain," which caused him to fall; (4) he was denied x-rays or emergency room treatment; and (5) a supervising officer "screamed" at Plaintiff, intimidating him into not filing a complaint.  Docket No. 1, p. 5-6.

### 1.    Claims Barred by Immunity and Lack of Personal Involvement

As an initial matter, the federal government and its agencies are immune from suit absent a waiver of sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The Supreme Court has specifically  declined to waive such immunity to allow a claim against a federal agency under *Bivens*.  *Id*. at 486.  Therefore, Plaintiff's claims against the BFDF, ICE, and the BIO are dismissed with prejudice on the basis of immunity.

With respect to Lt. Spiotla, Plaintiff has not made any factual allegations against this individual. "To state a claim under *Bivens*, a plaintiff must allege that an individual defendant *personally committed* a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known." *Adekova v. Holder*, 751 F. Supp.2d 688, 694 (S.D.N.Y. 2010) (citing *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir.1987); other citation omitted; emphasis supplied)).  "Because the doctrine of respondeat superior does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006) (citations omitted). "The personal involvement of a supervisory defendant may be shown by evidence that the defendant: (1) directly participated in the constitutional violation; (2) failed to remedy the violation

4

after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring." *Id.* at 496-97 (citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (citations omitted in original)). In light of Plaintiff's *pro se* status, he is granted leave to amend his claim to allege the personal involvement of Spiotla in a cognizable constitutional deprivation.

With respect to AGS, there is no allegation concerning the nature of the AGS corporation nor is there any indication that the officers in question, if employees of AGS, Inc., are subject to suit under *Bivens*.  Where a federal prisoner seeks damages from privately-employed personnel based on "conduct . . . of a kind that typically falls within the scope of traditional state tort law," *Minneci v. Pollard*, 565 U.S. 118, 131 (2012), the prisoner is not entitled to a *Bivens* remedy, but "must seek a remedy under state tort law." *Id.* Nevertheless, in light of the special solicitude accorded to *pro se* litigants in this Circuit, Plaintiff is granted leave to amend this claim, in the event that he may be able to state a *Bivens* claim in accordance with this Order.

### 2.    Conditions of Confinement and Excessive Force Claims

As a federal immigration detainee, Plaintiff's *pro se* claims are properly construed under the Fifth Amendment's due process clause as either conditions-of-confinement claims or excessive force claims rather than under the Eighth Amendment standard applicable to sentenced prisoners.  *See Doherty v. Thornburgh*, 943 F.2d 204, 208

(2d Cir. 1991) (holding that a civil immigration detainee is protected by the Fifth Amendment's due process clause).

"Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness[.]'" *Darnell v. Pineiro,* 849 F.3d 17, 30 (2d Cir. 2017) (internal and other citations omitted). On these facts, Plaintiff has failed to meet the requisite standard for his conditions-of-confinement claims to survive initial review. Even assuming that his allegations demonstrate that the conditions posed an unreasonable risk of serious damage to his health, which they do not, the pleadings are devoid of any indication that Defendants acted with the requisite *mens rea*.

"'[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.' " *Kingsley v. Hendrickson,* ——U.S. ——, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor,* 490 U.S. 386, 395 n.10 (1989)). The Court applies an objective standard in assessing an excessive force claim brought by a pretrial detainee insofar as the "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* With respect to Plaintiff's excessive force claim, there are no allegations to support a finding that the forced used against him was objectively unreasonable, even in light of his unspecified disability which allegedly required the use of a cane. Consequently, the Court finds that these claims are subject to dismissal. However, in light of Plaintiff's *pro*

6

Case 1:17-cv-00711-EAW   Document 3   Filed 05/14/18   Page 7 of 10

*se* status, he is granted leave to file an amended complaint in accordance with this Order.

### 3.    Inadequate Medical Care Claim

To the extent that Plaintiff has raised an inadequate medical care claim in the Complaint based on an alleged denial of "radiology/xray or emergency room" care, this claim is also subject to dismissal.  Docket No. 1, p 6.

The Second Circuit, construing the Supreme Court's decision in *Kingsley*, held that a detainee asserting a deliberate indifference claim under the due process clause standard must show that the official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the official knew, or should have known, that the condition posed an excessive risk to health or safety.  *Darnell*, 849 F.3d at 35; *see also Fernandini v. United States*, No. 1:15-CV-3843-GHW, 2017 WL 3208587, at *7 (S.D.N.Y. July 26, 2017) (applying *Darnell* standard to inadequate medical claim under *Bivens*).  This intentional or reckless conduct standard requires more than mere negligence.  *Darnell*, 849 F.3d at 36.

Here, Plaintiff does not allege facts sufficient to satisfy either the "seriousness of deprivation" requirement or the mental state requirement of an inadequate medical care claim.  Moreover, Plaintiff does not provide any details regarding the injuries he sustained and what other treatment was received, if any.  In fact, the Court, having considered all of Plaintiff's allegations and presumed them to be true, finds that the Complaint fails to allege a *mens rea* greater than mere negligence as to each claim

listed.   However, Plaintiff may file an amended complaint alleging plausible facts, if in existence, to support cognizable claims in accordance with this Order.

Finally, Plaintiff's allegation that Lt. O'Neil, who is not named as a Defendant in the Complaint, "yelled and screamed" at him and "intimidated [him] to not file a complaint," does not appear to set forth a constitutional claim.   Even assuming that "a complaint" refers to the filing of a grievance, Plaintiff later states in his Complaint that he filed a grievance but "no action was taken."   Docket No. 1, p. 6.   Because "courts have consistently held that because grievance procedures are undertaken voluntarily by New York and other states, they are not constitutionally required."   *Smolen v. Kielisek*, No. 04-CV-6042, 2006 WL 2335168, at *5 (W.D.N.Y. Aug. 10, 2006); *see also Tavarez*, 54 F.3d at 110 (applying standards under § 1983 in analogous *Bivens* action), Plaintiff's allegations therefore do not state a cognizable claim under the Fifth Amendment. Therefore, this claim is dismissed without leave to replead. *See Ruffolo*, 987 F.2d at 131 ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. (Docket No. 2).   Plaintiff's claims against the Buffalo Federal Detention Facility, ICE, and the Buffalo Immigration Offices are dismissed with prejudice.   Plaintiff's remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); however, because they may be cognizable if amended as noted above, Plaintiff is granted leave to file an amended

complaint.  Plaintiff is advised that his remaining claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint within **45 days of entry of this Order** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior Complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, an amended complaint must include all of the allegations against each Defendant so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

### ORDER

IT HEREBY IS ORDERED that Plaintiff's Motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's claims against Defendants Buffalo Federal Detention Facility, ICE, and the Buffalo Immigration Offices are dismissed with prejudice;

FURTHER, that Plaintiff is granted leave to file an amended complaint only as directed above within **45 days of entry of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original Complaint, a blank Section 1983 complaint form, and the instructions for preparing a second amended complaint;

FURTHER, that in the event that Plaintiff fails to file an amended complaint, the Complaint is dismissed with prejudice and the Clerk of Court shall close this case without further order; and

FURTHER, that if the Complaint is dismissed, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

S/Elizabeth A. Wolford

_____

Elizabeth A. Wolford
United States District Judge

DATED:      May 14, 2018
             Buffalo, NY